THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIE EDD LLOYD, Appellant, v. J. EDWIN LA VALLEE, as Warden of Auburn Prison, Respondent.— Order unanimously reversed and matter remitted to Cayuga County Court for further proceedings in accordance with memorandum.  Memorandum:  Relator was convicted in June, 1960 in Queens County Court upon his plea of guilty to three counts of an indictment charging felonies.  He is presently serving those sentences.  In this habeas corpus proceeding he alleges that there was no compliance with section 335-b of the Code of Criminal Procedure which then mandated (L. 1959, ch. 219) that the required information be given "upon the arraignment of the defendant and before accepting a plea".  The hearing upon the writ was brief and the only documentary evidence before the court was a copy of the commitment.  This simply discloses that relator entered the guilty plea on May 26, 1960 and was sentenced on June 29, 1960. On the latter occasion he purportedly was represented by counsel.  There is no proof as to when he was arraigned or what happened at that time.  The warning under the 1959 statute was required to "be given whether or not a defendant is represented by counsel  *  *  *  and whether he pleads guilty or not guilty".  (*People* v. *Schulman,* 13 A D 2d 442.)  Relator relies on *People ex rel. Schlesinger* v. *Fay* (19 A D 2d 632).  That decision is inapposite.  It enunciated the rule that the judgment should not be vacated for failure to give the warning when a defendant represented by counsel pleads not guilty, has a trial where he is also represented by counsel and fails to show that

he was prejudiced by the court's failure to give the mandated warning. (See, also, *People ex rel. Colan* v. *La Vallee,* 14 N Y 2d 83; *People* v. *Porter,* 19 A D 2d 928, affd. 14 N Y 2d 785.) The hearing herein consists of two typed pages. Relator was given no opportunity to state his contentions, to submit documentary evidence or to testify. Respondent offered no proof. In this state of the record a proper determination could not be made. There should be a further hearing at which documentary or other proof should be submitted as to what took place upon the arraignment of appellant and whether he was represented by counsel. If requested, relator should be given an opportunity to testify. Thereafter a determination should be made as to whether the statutory warning was given and, if not, whether relator was prejudiced by such failure. (Appeal from order of Cayuga County Court dismissing writ of habeas corpus.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.